*People ex rel. Lynch* v. *Deegan,* 29 A D 2d 693). Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.

■ BRUCE RISCHERT, Respondent, v. BERTOLDI-KELTER Co., INC., et al., Appellants, et al., Defendant.— Order of the Supreme Court, Queens County, dated May 22, 1967, affirmed, with one bill of $10 costs and disbursements payable jointly by appellants. No opinion. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ BRUCE RISCHERT, Respondent, v. BERTOLDI-KELTER Co., INC., et al., Appellants, et al., Defendant.— Motion by respondent to dismiss appeal of the F & M Schaefer Brewing Co. Motion denied. (See *Rischert* v. *Bertoldi-Kelter Co.,* 29 A D 2d 893.) Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ ROBERT E. TEPPERMAN, Respondent, v. MARTIN T. PERI, Appellant.— In a negligence action to recover damages for personal and property injuries which was automatically dismissed pursuant to statute and the rules of this court (CPLR 3404; Appellate Division Rules, Second Dept., part 7, rule VIII) for failure to answer a calendar call, defendant appeals from so much of an order of the Supreme Court, Kings County, dated September 22, 1967, as granted plaintiff's motion insofar as it was to set aside his default, vacate the dismissal of the action and restore the action to the trial calendar. Order reversed insofar as appealed from, without costs, and motion denied insofar as it was to set aside plaintiff's default, vacate the dismissal of the action and restore the action to the trial calendar. The instant motion was made some 22 months after the case was dismissed for failure to answer the calendar call. Plaintiff's attorney attributes the delay to his "inadvertence" in that he "overlooked" the calendar call. Such excuse, characterized as "Law Office Failures" (*Sortino* v. *Fisher,* 20 A D 2d 25, 29), has been rejected in a number of cases (e.g., *Marzian* v. *D'Oench,* 28 A D 2d 723; *Evans* v. *Kompinski,* 28 A D 2d 635). In our opinion, plaintiff failed to make the requisite showing of facts sufficient to excuse his failure to prosecute the action. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

## THIRD DEPARTMENT, MARCH, 1968

## (March 7, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY RECORE, Appellant.— GABRIELLI, J. Appeal from an order of the County Court of Rensselaer County which denied an application in the nature of a writ of error *coram nobis,* after a hearing. On July 1, 1964 the appellant, a second felony offender, pleaded guilty to one of two indictments, each of which charged him with the crimes of burglary in the third degree and petit larceny. He received a 5 to 10 year sentence and upon motion the second indictment was dismissed. He seeks to vacate his conviction claiming that (1) at the time of sentencing he was incapable of understanding the proceeding against him because he was under the influence of drugs and medications administered by the jail physician and (2) he was denied the effective assistance of counsel at the time of sentencing. The record clearly supports the determination that at the time of his plea and sentencing, the appellant was not under any sedation nor under the influence of any tranquilizer. Not only has the appellant failed to prove his claim by a fair preponderance of the credible evidence, as is his duty and burden (*People* v. *Murphy,* 20 A D 2d 222, cert. den. 377 U. S. 971; *People* v. *Buck,* 25 A D 2d 474, cert. den. 384 U. S. 965), but the affirmative