■ MARYANN MOSS et al., Respondents, v MARIE KALODEMAS, Appellant.—In a negligence action to recover damages for personal injuries, etc., in which an order had been entered, upon defendant's default, granting plaintiffs' motion to vacate the dismissal of the action and to restore the action to the Trial Calendar, defendant appeals. (1) from an order of the Supreme Court, Kings County, dated March 6, 1979, which denied her motion for "reargument" of the order vacating the dismissal (the motion was, in fact, one to vacate defendant's default in opposing plaintiffs' motion) and (2) as limited by her brief, from so much of a further order of the same court, dated April 6, 1979, as, upon granting reargument of the March 6, 1979 order and vacating said order, denied her motion to vacate her default in opposing plaintiffs' motion. Appeal from the order dated March 6, 1979 dismissed, without costs or disbursements. That order was vacated by the order dated April 6, 1979. Order dated April 6, 1979 reversed insofar as appealed from, on the law, without costs or disbursements, defendant's motion to vacate her default in opposing plaintiffs' motion is granted, the order granting the plaintiffs' motion, dated December 7, 1978, is vacated, and plaintiffs' motion to vacate the dismissal and to restore the action to the Trial Calendar is denied. Defendant's motion to vacate her default in opposing plaintiffs' motion to vacate the dismissal should have been granted considering the fact that plaintiffs' motion papers were mailed to an address long since abandoned by defendant's attorneys. On the merits, plaintiffs'

motion should be denied as their eight years' delay in moving to vacate the dismissal cannot be excused by the asserted confusion in their attorney's files resulting from two burglaries and inability to secure clerical help (see *Tepperman v Peri*, 29 AD2d 893). Damiani, J.P., O'Connor, Lazer and Rabin, JJ., concur.